UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV1629 RWS |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Reginald Clemons (registration no. 990102), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $36.42. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $182.08, and an average monthly balance of $131.48. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $36.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Reginald Clemons ("plaintiff") brings this action under 42 U.S.C. § 1983 against the Director of the Missouri Department of Corrections and the Warden of Potosi Correctional Center for alleged denial of due process in disciplinary hearings.

Also named as plaintiffs in the caption of the complaint are inmates Andrew Laura, Matthew Nelson, Brandon Shaw, and Abbas Abdul-Khaliq.  These inmates have signed the complaint as well.  However, the complaint contains no allegations pertaining to Laura, Nelson, Shaw, or Abdul-Khaliq, and these inmates have not submitted motions to proceed in forma pauperis.  These inmates appear to have been added to the complaint in furtherance of seeking class certification.  The Court will strike these additional inmates from the complaint because it does not pertain to them, because they have not submitted motions to proceed in forma pauperis, and because this Court does not permit multiple prisoners to join as plaintiffs in an in forma

pauperis case. See Georgeoff v. Barnes, 2009 WL 1405497, 2:09CV14 ERW (E.D. Mo.). If these inmates wish to file lawsuits based on the allegations in the complaint, they must each do so separately. Furthermore, plaintiff, as a pro se prisoner, cannot bring a class action suit in this Court. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

The complaint consists almost entirely of vague and conclusory assertions that inmates' rights are denied because officials at PCC do not allow inmates to introduce videotape evidence during disciplinary hearings. The only specific allegation in the complaint is that on April 26, 2010, prison official William Milam refused to allow plaintiff to submit videotape evidence during a hearing. Plaintiff claims that the named defendants are responsible as the superiors of Milam. Plaintiff does not allege that he was placed in administrative segregation as a result of the hearing.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v.

Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Furthermore, the allegations in the complaint fail to rise to the level of a constitutional violation.  As a result, the complaint is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Andrew Laura, Matthew Nelson, Brandon Shaw, and Abbas Abdul-Khaliq are **STRICKEN** from the complaint.  This dismissal does not count as a "strike" against these inmates.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $36.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Reginald Clemons' claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of September, 2011.

　　　　　　　　　　　　　　　　_/s/ Rodney W. Sippel_
　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE